**Teri MOSIER, Plaintiff**

v.

**The Commonwealth of KENTUCKY.**
**et. al., Defendants.**

**Civil Action No. 08–184–KSF.**

United States District Court,
E.D. Kentucky,
Central Division at Lexington.

June 23, 2009.

Kelly Mulloy Myers, Randolph Harry Freking, Freking & Betz, Cincinnati, OH, Marc P. Charmatz, Michael Steven Stein, Silver Spring, MD, for Plaintiff.

Stuart W. Cobb, Office of Attorney General, Frankfort, KY, John M. Spires, Sadhna G. True, Susan C. Sears, Dinsmore & Shohl LLP, Lexington, KY, for Defendants.

## OPINION AND ORDER

KARL S. FORESTER, Senior Judge.

This matter is before the court on the motion of the defendants, The Commonwealth of Kentucky (the "Commonwealth"), Administrative Office of the Courts ("AOC"), Chief Justice John D. Minton, Jr. and Jason Nemes, (collectively, "Defendants"), to dismiss the claims of the plaintiff, Teri Mosier ("Plaintiff"), against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

For the reasons set forth below, the court will grant the motion in part and will deny the motion in part. Additionally, the parties have filed various other motions which are resolved as set forth herein.

## I.  FACTUAL BACKGROUND

As the court noted in its prior ruling on the Commonwealth's initial Motion to Dismiss, according to Plaintiff's complaint, she is an attorney licensed to practice law in Kentucky. She is deaf and is substantially limited in the major life activities of hearing and speaking and is unable to participate fully in court proceedings without appropriate auxiliary aids or services but is able to participate fully when qualified sign language interpreter services are provided. Plaintiff alleges that she requested that Defendants make certain, reasonable accommodations for her so that she is able to participate fully in court proceedings. Plaintiff alleges that Defendants refused to make the accommodations and that as a result of Defendants' policy that "does not provide interpreting services for attorneys, public defenders, law enforcement officers, jail officials, other state agency employees, social workers or mental health workers," she is unable to represent clients in Defendants' courts.

Plaintiff filed this action against Defendants seeking compensatory damages and other specific relief pursuant to the Americans with Disabilities Act and the Rehabilitation Act. The Commonwealth filed a motion to dismiss pursuant to FRCP 12(b)(6) claiming that Plaintiff failed to state a claim upon which relief may be granted and/or asking the court to strike it from the proceedings pursuant to FRCP 12(f). The court denied the Commonwealth's Motion finding that the Complaint set forth viable claims against the Commonwealth under the ADA and the Rehabilitation Act. Subsequently, Plaintiff filed a First Amended Complaint to add claims under the Kentucky Civil Rights Act ("KCRA"), and Defendants filed a joint Motion to Dismiss. This matter is now ripe for review.

## II.  ANALYSIS

Defendants argue that the Plaintiff's ADA and Rehabilitation Act claims fail because she cannot prove that Defendants intentionally discriminated against her based solely on her disability. Defendants also argue that her ADA and Rehabilitation Act claims fail because Defendants are precluded by the Kentucky Constitution from utilizing state treasury funds to provide interpreting services for attorneys and that her KCRA claims are barred by sovereign immunity. In deciding the motion, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the nonmoving party. *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir.2004). Dismissal is not appropriate unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

For the reasons stated in the court's previous order, Plaintiff's First Amended Complaint states sufficient allegations to support her ADA and Rehabilitation Act claims against the Commonwealth. Since the facts pled apply equally to the other defendants, she has pled facts sufficient to state a claim under the ADA and a claim under the Rehabilitation Act against the AOC, Chief Justice Minton and Mr. Nemes. Defendants argue that Plaintiff's claims fail because she did not show that they "intentionally" discriminated against her "solely" based on her disability because the refusal to provide an interpreter for her is based on her status as an

attorney, not because of her disability, and is in accordance with the Kentucky courts' policy. The court finds that this argument requires review of facts outside the complaint which is inappropriate for a Motion to Dismiss. *See Persian Galleries, Inc. v. Transcontinental Ins. Co.,* 38 F.3d 253, 258 (6th Cir.1994).

■ A showing of discriminatory intent is not necessary to sustain a claim of violation of the ADA. Not all disparate impact claims, however, are viable under the ADA. To sustain a claim, a disabled person must be denied meaningful access to a benefit or service. *Alexander v. Choate,* 469 U.S. 287, 301, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985). Reasonable accommodation may be necessary to ensure meaningful access, and a refusal to modify a program or policy may, in view of the circumstances, become unreasonable and discriminatory. *Id. See also Ability Center v. Sandusky,* 385 F.3d 901, 907 (6th Cir.2004)(noting that public entities may be required "to make reasonable accommodations for disabled individuals so as not to deprive them of meaningful access to the benefits of the services such entities provide."). The language of Title II generally tracks the language of Section 504 of the Rehabilitation Act and the jurisprudence interpreting either section is applicable to both. *See MX Group, Inc. v. Covington,* 293 F.3d 326, 332 (6th Cir.2002)(ADA and Rehabilitation Act are to be interpreted consistently). Plaintiff contends that by failing to offer an interpreter to her so that she may appear in Kentucky courts, Defendants violated the ADA and Rehabilitation Act. Whether Defendants must provide an interpreter to provide Plaintiff with meaningful access to Kentucky courts is best determined on a full factual record, not a Motion to Dismiss. Further, the determination of whether a modification of court rules to require that the courts provide interpreters would fundamentally alter the nature of the service or result in undue financial or administrative burden must be resolved on a complete factual record, not a Motion to Dismiss. Plaintiff has pled sufficient facts to state a claim under the ADA and the Rehabilitation Act, and the merits of those claims will be determined at a later time.

■ Defendants also argue that they are not authorized to provide an interpreter to Plaintiff so her claims should be dismissed. Specifically, they argue that they are precluded by the Kentucky Constitution from using state funds to pay for an interpreter for an attorney because KRS § 30A.410 does not explicitly authorize a court to do so. The court cannot read the Kentucky statutes so narrowly. Defendants' construction contravenes both the broad language of the ADA and the Department of Justice's regulations; it also contradicts common sense. The Kentucky statute requires a court to provide interpreters for parties, witnesses and jurors. Ky.Rev.Stat. § 30A.410. Defendants argue that because the statute says "parties, jurors or witnesses" the courts are precluded from providing interpreters for attorneys. The KCRA, however, also require recipients of government funding to ensure equal access for individuals with a disability. Ky.Rev.Stat. §§ 344.120–130. It would be nonsensical for the statutes to require government entities to provide such access but not permit the expenditures by those entities that are necessary to comply with the statute.

■ Defendants also argue that Plaintiff's claims are more properly classified as Title I claims and should be brought against her employer because she is a provider of judicial services, not a recipient of the court's "services, programs and activities." Defendants assert that "Title II does not mandate the provision of interpreters to make it possible for an attorney to do her job." The Regulations state that

the ADA's coverage extends to "all services, programs and activities made available by public entities." 28 C.F.R. § 35.102(a) (1999). According to the Court of Appeals for the Sixth Circuit, "the phrase 'services, programs or activities' encompasses virtually everything that a public entity does." *Johnson v. City of Saline,* 151 F.3d 564, 569 (6th Cir.1998). Given this broad interpretation of what constitutes a service, program and activity, the court finds that Plaintiff's claim is properly asserted under Title II.

 Defendants argue that the KCRA claims are barred because Kentucky has not waived its immunity under the KCRA in federal court. The Eleventh Amendment prohibits federal courts from hearing damage suits against states and arms of the state that have not waived immunity. *Alden v. Maine,* 527 U.S. 706, 755–56, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). A state that has waived Eleventh Amendment immunity and consented to suit in state court may retain its immunity from suit in federal court. *Id.* Plaintiff argues that the state has implicitly consented to suit in federal court under the KCRA, but the court finds no support for this argument. Rather, the court finds that Kentucky has not waived its immunity from suit in federal court for claims under KRS Chapter 344. *Wilson v. Kentucky,* 2008 WL 4951774 *1 (E.D.Ky. Nov. 14, 2008). Thus, Plaintiff's claims for violations of the KCRA are properly dismissed.

## III. CONCLUSION

Based upon the foregoing and being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that:

(1) The Defendants' Motion to Dismiss [DE 27] is **GRANTED IN PART** and **DENIED IN PART** in accordance with this Opinion & Order. Plaintiff's claims under KRS Chapter 344 hereby are **DISMISSED.**

(2) The Plaintiff's Motion to file a Sur–Reply [DE 32] is **DENIED.**

(3) The motion of the Defendants for an extension of time to file a response to Plaintiff's Motion for Partial Summary Judgment and in the Alternative for Preliminary Injunctive Relief [DE 35] is **DENIED,** and the Defendants' Motion for Leave to File a Reply in Support of Their Motion for Extension [DE 38] is **DENIED.** The response and reply times shall run in accordance with the Local Rules as of the date of entry of this Opinion & Order.

(4) The Court's Order dated February 3, 2009, granting the parties Joint Motion to Vacate Scheduling Order, and ordering the parties to submit a revised Scheduling Order within fifteen days of entry of an Order regarding the Motion to Dismiss is hereby amended. The parties shall file a proposed revised Scheduling Order within fifteen days of entry of order on Plaintiff's Motion for Partial Summary Judgment.